FILED
SUPERIOR COURT
OF GUAM

2020 DEC -7 PM 3: 11

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0662-19 |
| vs. | |
| PATRICK JOSEPH TORRE LIMTIACO, DOB: 03/13/1974 | **DECISION AND ORDER** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on September 23, 2020, upon the Defendant's Motion for Discovery Pursuant to 8 GCA § 7010 filed January 16, 2020. The Defendant Patrick Joseph Torre Limtiaco ("Defendant") was represented by Attorney Clyde Lemons. Assistant Attorney General Christine S. Tenorio represented the People of Guam ("the People"). Having reviewed the pleadings and filings by the parties, and having determined oral argument unnecessary, the Court issues the following Decision and Order.

## BACKGROUND

On December 16, 2019, the Defendant was charged via Indictment with: 1) Second Degree Criminal Sexual Conduct (as a First Degree Felony); and 2) two (2) counts of Violation of Court Order (as a Misdemeanor). *See* Indictment (Dec. 16, 2019). According to the Declaration attached to the Magistrate's Complaint, the charges against the Defendant stem from two incidences: 1) where the Defendant allegedly engaged in sexual contact with a minor female known to him; and 2) where the Defendant allegedly violated a court order enjoining the Defendant to stay away from another individual. *See* Magistrate's Compl. (Dec. 6, 2019).

On January 16, 2020, the defense filed the instant pretrial Motion for Discovery. In his motion, the Defendant lists his requests for documents and materials pursuant to Title 8 GCA § 70.10, *et seq*. On July 9, 2020, the People filed their Response to the Defendant's motion, resolving majority of the Defendant's requests therein.[1] In his motion however, the Defendant specifically requests for evidence of perjurious conduct or dishonesty that is material to the credibility of any officer the prosecution intends to call as a witness at trial, including Guam Police Department ("GPD") Internal Affairs decisions and reports. The People object to handing over those requested documents, maintaining that they do not have access or control to such records and would need subpoenas to obtain them. Further, the People argue that the requested police records are not subject to production unless the Defendant makes a showing of materiality. The Defendant filed his Reply to the People's Objection to the Defendant's Motion for Discovery on July 30, 2020.

## DISCUSSION

The discovery process in criminal proceedings is governed by Title 8 GCA §§ 70.10 and 70.15. Mandatory disclosures are governed by 8 GCA § 70.10, which require the prosecution, upon noticed motion, to disclose to the defense "any material or information which tends to negate the guilt of the defendant as to the offense charged . . . ." 8 GCA § 70.10(a)(7); *People v. Flores*, 2009 Guam 22 ¶ 60 ("This section adopts the mandate originally articulated in *Brady v. Maryland*, 373 U.S. 83, 87 (1963) . . . .").[2] Thus, under 8 GCA § 70.10, it is the prosecution's obligation to disclose any material information to the defense. 8 GCA § 70.10(b); *People v. Tuncap*, 1998 Guam 13 ¶ 18 ("8 GCA § 70.10(b) imposes a general materiality requirement upon items before disclosure. Although this standard is not difficult to meet, this general limitation must be considered prior to disclosure."). Apart from mandatory disclosures, Title 8

---

[1] At the initial hearing on the Defendant's Motion on July 2, 2020, the Court granted the People additional time to file a written Opposition. Having reviewed the pleadings and filings by the parties, the Court determined that oral argument was not necessary and took the instant matter under advisement on September 23, 2020.

[2] In Brady, the Supreme Court of the United States held that "the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment . . . ." *Brady*, 373 U.S. at 87.

GCA § 70.15 governs other matters generally discoverable upon a showing of good cause. Title 8 GCA Section 70.15 provides, "upon noticed motion by the defendant and a showing of materiality to the preparation of his defense and that the request is reasonable, the court in its discretion may order the prosecuting attorney to disclose to the defendant's attorney any relevant material and information not covered by § 70.10." 8 GCA § 70.15(a). Therefore, for evidence to be discoverable, a threshold showing of materiality must be met. 8 GCA §§ 70.10(b), 70.15(a); *People v. Mateo*, 2017 Guam 22 ¶ 15. Evidence is material "only if there is reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Mateo*, 2017 Guam at ¶ 19; *People v. Fisher*, 2001 Guam 2 ¶ 13 (quoting *United States v. Presser*, 844 F.2d 1275, 1278 (6th Cir. 1998)).

Here, the Defendant requests the GPD internal affairs records of the investigating officers, arguing that these documents are material to preparing a proper defense. At this juncture, there is nothing to suggest that any internal affairs records would be material to the instant case. The Defendant fails to identify specifically what would be in any existing internal affairs reports, or to establish whether any internal affairs complaint was actually filed against the investigating officers involved in this matter. *See Mateo*, 2017 Guam at ¶ 17 (noting that mere speculation that a government file may contain Brady material is insufficient to require the prosecution to automatically disclose or review the requested documents); *see also United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984) ("materiality is not established by a general description of the documents sought or by a conclusory argument that the requested information [is] material to the defense."). Again, to warrant mandatory disclosure or review under Title 8 GCA §§ 70.10 and 70.15, the defense must first satisfy its burden of establishing that the records sought are material to its defense. *Id.*

Further, the People have represented that they do not possess such records, and have assured the Court that they will disclose any and all *Brady* material to the defense that may later come into their possession. Courts applying *Brady* and its progeny have made clear that the holding in *Brady* does not impose an affirmative duty upon the government to take action to

discover information which is does not possess. *See U.S. v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007); *see also U.S. v. Tierney*, 947 F.2d 854 (8th Cir. 1991) ("It is well settled that there is no affirmative duty upon the government to take action to discover information which it does not possess."). Therefore, because the purpose of Guam's criminal discovery procedures is to prevent impermissible fishing expeditions in the discovery process, the Court will not order the People to actively seek discovery not in their possession or control. *See People v. Kitano*, 2011 Guam 11 ¶ 21 ("*Brady's* overriding concern [is] with the justice of the finding of guilt, not with the accused's ability to prepare for trial."). Nonetheless, because the defense merely provides the Court with blanket statements in support of their request for the GPD internal affairs reports, the Court finds that the Defendant fails to establish the requisite showing of materiality.

Lastly, the defense argues that because internal affairs reports were not addressed in *Mateo*, the materiality requirement does not apply. In *Mateo*, the Guam Supreme Court ruled on officer personnel files and not GPD internal affairs reports because the defense did not bring up the issue of those reports in the trial court. In other words, Mateo did not have an adequate record on appeal. *See Mateo*, 2017 Guam 22 at ¶ 12, n. 2. However, the Guam Supreme Court did distinguish between an officer's personnel file and internal affairs complaints subject to 10 GCA § 77133.[3] Nonetheless, the same logic applies pursuant to 8 GCA §§ 70.10 and 70.15. For evidence to be discoverable, they must be material. *Mateo*, 2017 Guam at ¶ 15; *see also* 8 GCA §§ 70.10 and 70.15. Implicit in *Mateo*, even if the Office of the Attorney General is presumed to be in possession of GPD internal affairs complaints, the defense cannot simply conclude that such reports are material. Instead, the Defendant must demonstrate why such information is material to his defense. As aforementioned, the Defendant simply concludes that such material

---

[3] Under 10 GCA § 77133(a),

> "Any person may file a w Any person may file a written complaint with any police officer or the Guam Community Police Review Commission (Commission) alleging the commission of a crime or misconduct on the part of a police officer or employee of the Department. A police officer shall, upon receipt of any credible information alleging the commission of a crime by any police officer or Department employee, forward within forty-eight (48) hours the information so received to the Chief of Police. The Chief of Police shall forward the alleged violations to the Internal Affairs unit of the Department and to the Commission, and shall further forward a copy of the alleged violations to the Attorney General."

is due to him under *Brady*. Further, the Defendant does not even provide the Court with a summary of the factual background of this case. Thus, even if the Court *sua sponte* found the internal affairs information material, the Court would have no factual basis to do so. Thus, absent a showing of materiality, the Court **DENIES** in part the Defendant's Motion to Compel with respect to the GPD internal affairs reports requested.

## CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** in part and **DENIES** in part the Defendant's Motion to Compel Discovery.

1. To the extent the People do not oppose the Defendant's Motion for Discovery, the Defendant's Motion to Compel Discovery is **GRANTED** in part.

2. To the extent the Defendant seeks GPD internal affairs reports related to the police officers involved in this case, the Defendant's Motion to Compel Discovery is **DENIED** in part.

**IT IS SO ORDERED** _____DEC 0 7 2020_____ .


_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
AG, Lujan & Wolff

Date: 12/7/20  Time: 3:15pm
Antonio A. Cruz
Deputy Clerk, Superior Court of Guam